ECKSTEIN, NORTON & CO. *v.* MYER & HAY.

[Kentucky Law Reporter, Vol. 2—124, as *Eckstein v. Meyer.*]

**Validity of Mortgage on Railroad Company's Assets to Secure Bonds.**
    The rule that sales of personal property not accompanied by possession are void does not apply to mortgages and deeds of trust.

**Mortgage to Secure Bonds Includes Unpaid Subscriptions for Stock.**
    Where a railroad company, to secure the payment of bonds issued to pay for construction, executes a mortgage on its road bed, franchises, rolling stock, securities and evidences of debt to a trustee, such a mortgage will include unpaid subscriptions for the stock of the company; and a judgment creditor causing execution to issue and securing a return of no property found cannot, in a court of equity, have such subscriptions subjected to pay his judgment.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 16, 1880.

OPINION BY JUDGE HINES:

Pending the construction of the Louisville, Paducah and Southwestern Railroad, that company, in order to secure the payment of bonds issued to pay for construction, executed to appellants, as trustees, a mortgage on its roadbed, franchises, rolling stock, securities and evidence of debt, and provided that the property should remain under the control and in the exclusive use of the company until default in the payment of the bonds, or of the interest thereon. Subsequently appellees obtained judgment against the company for a large amount, and having execution returned "no property," instituted this action to subject certain unpaid subscriptions to the stock of the company. From the pleadings it appears that the mortgaged property, except the stock subscriptions, had been sold under

decree of the circuit court of the United States, and as to the subscriptions, the proceedings in that court had been dismissed without prejudice.

The questions arising on this appeal are: First, Did the charter of the company authorize the mortgage on the unpaid subscriptions? Second, Did the provision in the mortgage authorizing the company to use and enjoy all of the mortgaged property until default of payment invalidate it? Third, Did the decree of the circuit court of the United States determine the question as to the rights of the parties to the unpaid subscriptions?

The charter provides that, to secure the prompt payment of the bonds and interest, the company may execute a mortgage or deed of trust, conveying the "railroad, its property and franchises," with such covenants therein "as may be necessary to affect the purpose and objects of its execution."

The manifest design of the statute was to enable the company to raise money to construct and equip the road, and to that end to place in lien all the securities belonging to the company. Considering the end to be accomplished, the presumption is that the means best suited to that purpose would be adopted, which, of course, would be to put in lien all the assets of the company instead of only a portion, as contended by counsel for appellees. This is not a case for the application of the maxim *expressio unius est exclusio alterius.* The statute uses generic terms, without words of exclusion, which are broad enough to embrace the unpaid subscriptions. In the case of *Bardstown & Louisville R. Co. v. Metcalfe,* 4 Met. 199, this court held that, from the authority to borrow money, there was an implied power to mortgage even the franchises of the company. The case of *Gratz v. Redd,* 4 B. Mon. 178, does not authorize the construction contended for by counsel for appellees. The charter, in that case, used specific terms to designate the property that might be embraced in the mortgage, and, by the use of the expression "all their stock laid out and expended on said road," by implication excluded the idea that the stock not so laid out and expended should be embraced in the mortgage. The provision in the mortgage that the property should remain in possession of the company until default in payment of interest or principal of the bonds does not invalidate it.

Whatever the law may be elsewhere, it is well settled in this state that the rule that sales of personal property not accompanied by pos-

session are void does not apply to mortgages and deeds of trust. Whenever the possession under the mortgage or deed is consistent with its object, and consistent with good faith and fair dealing, the conveyance is not void. *Vernon v. Morton,* 8 Dana 247; *Lyons v. Field,* 17 B. Mon. 544; *Ross v. Wilson,* 7 Bush 29. Our registration laws necessarily contemplate that the possession of personal property mortgaged shall remain with the mortgagor. Otherwise they are ineffectual to confer any rights, and an actual pledge becomes essential to enable one to use personal property as a security. The possession may be of such character as to be evidence of fraud, but it is not *per se* fraudulent. In this instance the possession is entirely consistent with the avowed object, which is, to secure the bondholders who have advanced their money on the faith of this agreement with the company, and of which appellees are presumed to have had notice. The security furnished by the mortgage may not be of as high a character as the mortgagees would have had if possession had been immediately taken of the property; but there was, nevertheless, some security; and the transaction being free from fraud in fact will be upheld.

It appears to us that the decree of the circuit court of the United States determines nothing in regard to these subscriptions. It is said that the suit as to this matter was dismissed without prejudice, which, if true, as we are compelled to conclude, leaves the question an open one as much as if there had been no proceedings instituted in the United States court.

Judgment *reversed* and cause remanded, with directions for further proceedings.

Chief Justice Cofer not sitting.

H. C. Pindell, *for appellants.*

D. W. Sanders, D. M. Rodman, *for appellees.*